RICHARDSON v RYDER TRUCK RENTAL, INCORPORATED

Docket Nos. 166516, 175147. Submitted August 2, 1995, at Lansing. Decided September 15, 1995, at 9:30 A.M.

Barbara J. and Charles E. Richardson brought an action in the Ingham Circuit Court against Ryder Truck Rental, Incorporated, Leons Homemade Foods, Incorporated, and Jeffrey K. Garlock, seeking damages for injuries sustained in a motor vehicle accident that occurred when a truck owned by Ryder and driven by Garlock while employed by Leons collided with the plaintiffs' automobile. At the time of the accident, Charles was receiving worker's compensation benefits based on a preexisting back injury. Included in the plaintiffs' prayer for relief was a claim for excess wage-loss benefits. The court, Thomas L. Brown, J., granted the defendants' motion to strike the excess wage-loss benefits claim because it found that Charles had failed to seasonably supplement his answer to an interrogatory regarding whether he was receiving social security benefits. However, the court did not make a determination regarding whether there was a knowing concealment. Following a jury trial, the court entered separate verdicts for each plaintiff. In addition, the defendants were awarded mediation sanctions, but were required to pay the plaintiffs' expenses incurred relative to the defendants' denial of the plaintiffs' request to admit negligence. The parties' appealed and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court did not clearly err in finding that Charles failed to seasonably supplement his answers to the interrogatory. However, in order for a duty to amend seasonably a discovery response to arise, the circumstances of the failure to so amend must be in substance a knowing concealment. To constitute a knowing concealment, there must be a conscious decision by a party to prevent disclosure of the information

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 12-14, 398; Expert and Opinion Evidence §§ 28, 30.

See ALR Index under Discovery; Confessions and Admissions; Expert and Opinion Evidence.

requested; an innocent, unintentional failure to supplement seasonably is not sufficient. This matter must be remanded for a determination regarding whether there was a knowing concealment. If it is determined that there was, the court's dismissal of the excess wage-loss benefits claim was not an abuse of discretion and is affirmed. If there was no knowing concealment, the sanction of striking the claim must be reversed and a new trial must be held with regard to that issue.

2. The trial court did not abuse its discretion in allowing the defendants to cross-examine Charles regarding his application for social security benefits.

3. The trial court did not abuse its discretion in admitting the testimony of two police officers as lay witnesses.

4. The trial court erred in awarding the plaintiffs sanctions for the defendants' refusal to admit negligence. The defendants' failure to request a jury instruction regarding the last clear chance doctrine and the court's erroneous conclusion that the defendants accepted the mediation award were improper bases on which to impose sanctions. In addition, the court erred in finding that the defendants did not have a reasonable ground to believe that they might prevail on the issue. The plaintiffs' request that the defendants admit the basis of the plaintiffs' negligence claim was not a proper subject for admission under the circumstances of this case. The order of sanctions against the defendants must be vacated.

Affirmed in part, vacated in part, and remanded.

1. PRETRIAL PROCEDURE — DISCOVERY — DUTY TO SUPPLEMENT — SANCTIONS.

A party that responds to a discovery request with a response that is complete when made has a duty to supplement seasonably the response when the party learns that the original response is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment; to constitute a knowing concealment, there must be a conscious decision by the party to prevent disclosure of the information requested; the imposition of sanctions for a failure to supplement seasonably is within the discretion of the trial court (MCR 2.302[E][1][b][ii], 2.313[B][2][b]).

2. WITNESSES — LAY WITNESSES — OPINION TESTIMONY.

Lay witness testimony in the form of an opinion is permitted where it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or the determination of a fact at issue (MRE 701).

3. PRETRIAL PROCEDURE — REQUEST FOR ADMISSIONS — DENIALS —
   SANCTIONS.
   The fact that a matter is proved at trial does not, of itself,
   establish that a denial in response to a request for an admis-
   sion regarding the matter was unreasonable and that, there-
   fore, sanctions are appropriate; where the sought-after admis-
   sion concerns the basis of the opposing party's claim, it may be
   determined that the admission sought does not concern a
   proper subject for admission, i.e., where the sought-after admis-
   sion of facts concerns the elements of the opposing party's
   claim (MCR 2.313[C]).

*Sinas, Dramis, Brake, Boughton, McIntyre . &
Reisig, P.C.* (by *Deborah A. Deprez* and *Timothy J.
Donovan*), for the plaintiffs.

*Foster, Swift, Collins & Smith, P.C.* (by *Webb A.
Smith* and *Frank A. Fleischmann*), for the defen-
dants.

Before: HOEKSTRA, P.J., and HOOD and D. M.
CURTIS,* JJ.

PER CURIAM. This personal injury action arose
from a collision between plaintiffs' automobile and
a truck owned by Ryder Truck Rental, Incorpo-
rated, driven by Jeffrey Garlock, an employee of
Leons Homemade Foods, Incorporated. The jury
rendered separate verdicts for each of the plain-
tiffs. The parties appeal as of right. The appeals
were consolidated. We affirm in part, vacate in
part, and remand.

Barbara Richardson was the driver of an auto-
mobile in which Charles Richardson was a passen-
ger. Plaintiffs' automobile was traveling in the
right eastbound lane of a four-lane section of
North Grand River Avenue in Lansing. Barbara
previously had been in the left eastbound lane

---

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

traveling behind Garlock, but switched lanes because she intended to turn right within a mile. Barbara passed Garlock on the right and eventually saw his truck in her rearview mirror when she was approximately two automobile lengths ahead of him. Although she did not see his truck hit her automobile, she felt the impact at the rear of her automobile. Plaintiffs' automobile hit the right curb then proceeded left across three lanes of the road to hit the left curb. The Richardsons' automobile was flipped onto its passenger side where it remained until they were removed by emergency workers.

Included in plaintiffs' complaint was a prayer for excess wage-loss benefits pursuant to MCL 500.3135(2)(c); MSA 24.13135(2)(c). At the time of the accident, Charles was receiving worker's compensation benefits based on a preexisting back injury. Because it found that Charles had failed to supplement seasonably his answer to an interrogatory regarding whether he had drawn social security benefits, the trial court granted defendants' motion to strike Charles' excess wage-loss benefits claim. The jury ultimately returned a $100,000 verdict for Barbara and a $50,000 verdict for Charles. Additionally, defendants were awarded $14,873 in mediation sanctions, but were required to pay $10,000 in expenses to plaintiffs for their denial of plaintiffs' request to admit negligence. Both parties appeal.

Plaintiffs assert that the trial court erred in granting defendants' request for discovery sanctions in the form of striking the excess wage-loss benefits claim. We review the trial court's decision to impose sanctions for an abuse of discretion. *Massey v Ferndale,* 206 Mich App 698, 702; 522 NW2d 734 (1994). The trial court's findings of fact

will not be disturbed absent an abuse of discretion. MCR 2.613(C).

A party who has responded to a discovery request with a response that was complete when made has a duty to supplement seasonably the response when it learns that the original response "is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment." MCR 2.302(E)(1)(b)(ii). If the party fails to supplement seasonably the response, the trial court may enter an order as is just, including sanctions. MCR 2.302(E); MCR 2.313(B)(2)(b). Because the imposition of sanctions is discretionary, the trial court should carefully consider the circumstances of the case to determine whether a drastic sanction, such as dismissing a claim, is appropriate. *Dean v Tucker,* 182 Mich App 27, 32; 451 NW2d 571 (1990). This Court has set forth a nonexhaustive list of factors that should be considered in fashioning an appropriate sanction:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests . . . ; (3) the prejudice to the defendant; (4) . . . ; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Id.* at 32-33.]

The accident occurred in September 1990, and plaintiffs filed suit in August 1991. Charles had applied for social security benefits in June 1991, approximately two months before filing the complaint. In the application, Charles claimed total disability because of a work-related injury in May

1990. While in March 1992, Charles gave a negative answer to the interrogatory inquiring whether he had drawn social security benefits, he learned in August 1992 that he would receive the benefits and apparently received the first check for benefits in April 1993. We note that the attorney who represented Charles regarding his social security application was the same attorney representing plaintiffs in their civil suit. It was not until June 2, 1993, the day before the commencement of trial and eight months after first learning that he was entitled to social security benefits, that Charles amended his interrogatory. Under these circumstances, we conclude that the trial court's finding that Charles failed to supplement seasonably his answers was not clearly erroneous.

However, our consideration of this issue does not end here. In order for a duty to amend seasonably a discovery response to arise, the circumstances of the failure to so amend must be "in substance a knowing concealment." As pointed out by plaintiffs, the trial court indicated that it would not make a determination that there was a knowing concealment. We cannot uphold the trial court's ruling absent a decision regarding this element of MCR 2.302(E)(1)(b)(ii).

Neither this Court nor our Supreme Court has discussed the "knowing concealment" element of MCR 2.302(E)(1)(b)(ii). We look to the plain meaning of the words in order to guide the lower court. To constitute a knowing concealment, there must be a conscious decision by a party to prevent disclosure of information requested. Clearly, especially in light of the possibility of severe sanctions under MCR 2.313(B)(2)(b), an innocent, unintentional failure to supplement seasonably an interrogatory should not be considered a knowing concealment. The sanction imposed in this case

amounted to the dismissal of a major component of Charles' claim. We do not believe that so drastic a sanction as dismissal is warranted where there has been no finding of a knowing concealment.

We therefore remand this issue for consideration of whether the circumstances surrounding Charles' failure to amend seasonably his responses constituted a "knowing" concealment. If it is determined that there was no knowing concealment, then the trial court's sanction of striking Charles' excess wage-loss benefits claim must be reversed and a new trial on that issue held. However, if the trial court, on remand, concludes that the circumstances did in substance constitute a knowing concealment, then we would affirm that determination because on the basis of the facts we must conclude that such a determination would not be clearly erroneous.

In the event that the trial court finds a knowing concealment, we will now address the question whether its sanction of striking Charles' excess wage-loss benefits claim was an abuse of discretion. In imposing the sanction, the trial court stated:

> Th[e supplemented] response contains numerous interesting facets. The fact that Social Security benefits were awarded some period of time ago, that a hearing was held, that testimony was taken, that the Plaintiff testified, that the physicians testified, and perhaps other witnesses testified, all bearing upon the total claim of earnings, wage loss.
>
> *    *    *
>
> It seems to me that, from what I've heard, from this Social Security hearing, from [the] Administrative Law Judge['s] . . . findings, and from the fact that testimony was offered, which testimony won't be available for some period of time, which

had these answers been supplemented, interrogatories been supplemented some eight months ago, could have been obtained.

The court considered the prejudice to defendants and noted that, if the claim was not dismissed, Charles' failure to supplement seasonably his answer would result in a lengthy delay in the proceedings for further discovery that would not have occurred had plaintiffs dealt with the situation in a timely manner. These matters all related to Charles' claim for excess wage-loss benefits. Under the circumstances of this case, we find that the trial court did not abuse its discretion in imposing the sanction of dismissing Charles' excess wage-loss benefits claim, if the failure to supplement was a knowing concealment.

We note that plaintiffs emphasize that the trial court allowed defendants to cross-examine Charles regarding his application for social security benefits. The trial court has the discretion to control the questioning of witnesses, and we review its determination of the scope of cross-examination for an abuse of discretion. MRE 611. Our review of the transcript of that cross-examination convinces us that the trial court did not abuse its discretion in permitting the questioning, because the questioning was closely controlled by the court and limited to impeachment.

On cross appeal, defendants assert that expert testimony by two police officers was improperly admitted because plaintiffs did not list them as experts. Defendants argue that their opinions were not as lay witnesses based on personal observations, but rather were the result of investigation of the vehicles involved and examination of photographs taken after the accident. We review the trial court's decision to allow lay witness testi-

mony for an abuse of discretion. *Wilson v General Motors Corp,* 183 Mich App 21, 35-36; 454 NW2d 405 (1990).

Lay witness testimony in the form of an opinion is permitted where it is rationally based on the witness' perception and helpful to a clear understanding of the witness' testimony or the determination of a fact at issue. MRE 701. An expert witness is one who has been qualified by knowledge, skill, experience, training, or education and is used where scientific, technical, or other specialized knowledge will assist the trier of fact to understand evidence or determine a fact at issue. MRE 702.

The trial court allowed one officer to testify on the basis of his observations of photographs of skid marks, which were taken at the scene by Garlock. The second officer was permitted to testify on the basis of his observation of the skid marks at the scene. The officers testified that they believed that Garlock's truck encroached on the right eastbound lane in which plaintiffs' vehicle was traveling. The evidence belies defendants' assertion that the officers' opinions were premised on investigation of the vehicles days after the accident and were actually the result of a reconstruction of the accident.

The opinions were rationally based on the officers' perceptions based on examining photographs and the scene. After examining the evidence, the officers gave their opinion that the skid marks led them to believe that a vehicle traveling in the left eastbound lane encroached upon the right eastbound lane. Garlock himself testified that the skid marks came from his truck. The officers' opinions were helpful to a clear understanding regarding whether Garlock's truck encroached on the right eastbound lane. Because these opinions were relia-

ble conclusions that could be made by people in general on the basis of the evidence of the skid marks and were not overly dependent on scientific, technical, or specialized knowledge, we find that the trial court's decision to admit their testimony was not an abuse of discretion. *Mitchell v Steward Oldford & Sons, Inc,* 163 Mich App 622, 628-630; 415 NW2d 224 (1987).

Finally, defendants claim that the trial court erred in awarding plaintiffs sanctions in the amount of $10,000 for defendants' refusal to admit negligence. We agree.

A party may request another party to admit the truth of a matter that relates to statements or opinions of fact. MCR 2.312(A). MCR 2.313(C) provides:

> If a party denies the . . . truth of a matter as requested . . . and if the party requesting the admission later proves the . . . truth of the matter, the requesting party may move for an order requiring the other party to pay the expenses incurred in making that proof, including attorney fees. The court shall enter the order unless it finds that
>
> * * *
>
> (3) the party failing to admit had reasonable ground to believe that he or she might prevail on the matter.

Plaintiffs requested an admission from defendants that Garlock was negligent. Defendants denied this request and asserted that it was not true. The trial court found on the basis of the evidence that Garlock was negligent. The trial court also noted that defendants did not request a jury instruction regarding the last clear chance doctrine and that defendants accepted the mediation award, which plaintiffs rejected.

First, we note that because Michigan has adopted the doctrine of comparative negligence, it is error to instruct a jury with regard to the last clear chance doctrine. *Petrove v Grand Truck W R Co,* 437 Mich 31, 33; 464 NW2d 711 (1991). Therefore, this is an improper basis on which to impose sanctions.

Next, we find the trial court's conclusion that defendants accepted the mediation award to be erroneous. Defendants failed to respond to the mediation evaluation and thereby rejected the award. MCR 2.403(L)(1). Therefore, this was not a proper reason for the imposition of sanctions.

And, finally, the trial court erroneously found that defendants did not have a reasonable ground to believe that they might prevail with regard to the issue of Garlock's negligence. The purpose of MCR 2.312 has been stated as "to limit areas of controversy and save time, energy, and expense which otherwise would be spent in proffering proof of matters properly subject to admission." *Radtke v Miller, Canfield, Paddock & Stone,* 209 Mich App 606, 616; 532 NW2d 547 (1995). As previously stated by this Court regarding the predecessor to MCR 2.313(C)(3), GCR 1963, 313.3:

> "The mere fact that the matter was proved at the trial does not, of itself, establish that the denial in response to the request for an admission was unreasonable." [*Greenspan v Rehberg,* 56 Mich App 310, 329; 224 NW2d 67 (1974), quoting 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 234.]

As in *Greenspan,* where the Court concluded that the sought-after admissions of "facts" were elements of the claim, plaintiffs here requested defendants to admit the basis of their claim—negligence. It is our opinion that this is not a proper

subject for admission under the circumstances. Garlock testified that he did not enter plaintiffs' lane of travel and, on cross-examination, one of the officers testified that, on the basis of the skid marks, he could not determine whether Garlock was in plaintiffs' lane at the time of the impact. The witness agreed that the skid marks could have occurred after the impact. Defendants had reasonable grounds for believing that they might prevail with regard to this issue.

We find that the trial court abused its discretion in imposing sanctions on defendants for their failure to admit Garlock's negligence. That the jury found Garlock negligent is not a reason to find a denial of an admission request unwarranted. The trial court's order of sanctions against defendants must be vacated. In all other respects, the verdict and judgment are affirmed.

We affirm in part, vacate in part, and remand for proceedings consistent with this opinion. We do not retain jurisdiction.