# STATE OF MICHIGAN

# COURT OF APPEALS

ERIKA EASTER,

       Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
CO., and MARK ALLEN HOCHSTETLER,

       Defendants-Appellees.

UNPUBLISHED
March 20, 2018

No. 335815
Eaton Circuit Court
LC No. 15-001492-NI

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

In this action under the no-fault act, MCL 500.3101 *et seq.*, plaintiff Erika Easter appeals as of right the orders granting summary disposition to defendants, Progressive Marathon Insurance Company and Mark Hochstetler, and denying Easter's motion for discovery sanctions against Progressive. We conclude that the trial court did not abuse its discretion by declining to consider Easter's untimely response to Progressive's motion for summary disposition. Absent this response, Easter failed to identify a genuine issue of material fact and the trial court had no obligation to scour the record for reasons to deny Progressive's motion for summary disposition. In these circumstances, based on the evidence considered by the trial court, the trial court did not err by granting summary disposition to Progressive and Hochstetler under MCR 2.116(C)(10). We also conclude that the trial court did not abuse its discretion by denying Easter's motion for discovery sanctions. For these reasons, we affirm.

This case arises out of an automobile accident between Easter and Hochstetler in July of 2015. Easter was driving her own car, which was insured by Progressive in the name of Easter's fiancé, Gary Brown. Brown was not a registered owner of the vehicle. Easter sought no-fault benefits from Progressive under Brown's policy, which Progressive denied based on the assertion that Easter was not entitled to benefits under the policy. Easter then filed the current lawsuit, seeking payment of no-fault benefits under Brown's policy with Progressive. With regard to Hochstetler, Easter claimed that Hochstetler was negligent and she sought noneconomic tort damages under MCL 500.3135.

Progressive moved for summary disposition under MCR 2.116(C)(10). Specifically, Progressive maintained that Easter was the owner and registrant of the vehicle involved in the accident and that, because the security required by MCL 500.3101 was not in effect, MCL

-1-

500.3113(b) precluded Easter from recovering no-fault benefits from Progressive. While noting that Brown obtained insurance on the vehicle, Progressive asserted that Brown was not an owner and that he merely drove the vehicle from "time to time." In response to Progressive's motion for summary disposition, Easter filed an untimely response that exceeded the applicable page limit under the court rules. Because Easter's brief was untimely and in excess of the page limit, the trial court declined to consider Easter's response.

Considering only Progressive's submissions, the trial court granted summary disposition to Progressive under MCR 2.116(C)(10). Relying on *Barnes v Farmers Ins Exch*, 308 Mich App 1, 8; 862 NW2d 681 (2014), the trial court reasoned that, although Brown had insured the vehicle, he was not an owner and that Easter was therefore precluded from claiming no-fault benefits under MCL 500.3113(b) because she owned the vehicle but lacked the security required by MCL 500.3101. Following this ruling, Easter's attorney conceded that if Easter could not recover no-fault benefits from Progressive then she also could not maintain a claim for noneconomic tort damages against Hochstetler. Based on this reasoning, the trial court also dismissed Easter's claims against Hochstetler. Easter now appeals to this Court as of right.

## I. SUMMARY DISPOSITION

On appeal, Easter contends that the trial court erred by granting summary disposition to Progressive and Hochstetler. First, Easter argues that, even if the trial court properly refused to consider Easter's response to Progressive's motion, the trial court had a duty to independently review the complete transcripts of her deposition and Brown's deposition, which were attached to Progressive's motion for summary disposition in their entirety. Viewing these depositions in a light most favorable to Easter, Easter maintains that, at a minimum, a material question of fact remains as to whether Brown can be considered an owner of the vehicle under the no-fault act. Second, alternatively, Easter argues that the trial court abused its discretion by refusing to consider her response brief and attached documentation merely because her response was late and in excess of applicable page limits. According to Easter, there were lesser remedies available that the trial court should have considered such as ordering Easter to file a conforming brief or striking the excess portions of her brief.

## A. THE TRIAL COURT'S OBLIGATION TO REVIEW THE RECORD BEFORE RULING ON PROGRESSIVE'S MOTION FOR SUMMARY DISPOSITION

"This Court reviews the grant or denial of summary disposition de novo." *Farm Bureau Gen Ins v Blue Cross Blue Shield of Mich*, 314 Mich App 12, 19; 884 NW2d 853 (2015). "Summary disposition pursuant to MCR 2.116(C)(10) is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *McCoig Materials, LLC v Galui Const, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). "When making a motion under MCR 2.116(C)(10), the moving party must 'specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact.' " *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009), quoting MCR 2.116(G)(4). The moving party also bears "the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. "If the

opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. at 363. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

Substantively, Progressive's motion for summary disposition implicated MCL 500.3113(b), which provides that "[a] person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident . . . [t]he person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by [MCL 500.3101 or MCL 500.3103] was not in effect." "There may be multiple owners of a vehicle for purposes of the no-fault act." *Iqbal v Bristol W Ins Group*, 278 Mich App 31, 38; 748 NW2d 574 (2008). When there are multiple owners, provided that one owner obtains the requisite security for the vehicle, MCL 500.3113(b) does not preclude another owner from receiving no-fault benefits. *Id.* at 39-40. In other words, "[t]he statutory language links the required security or insurance solely to the vehicle," making it irrelevant for purposes of applying MCL 500.3113(b) whether a particular owner has obtained coverage, provided that at least one of the owners has obtained security for the vehicle. *Id.* at 39-40. However, caselaw is clear that MCL 500.3113(b) precludes an owner from obtaining no-fault benefits if only a nonowner has obtained security for the vehicle. *Barnes*, 308 Mich App at 8-9.

Relevant to the present case, the term "owner" includes, among others, a person who "holds the legal title to a motor vehicle," MCL 500.3101(2)(l)(*iii*), and a person "having the use of a motor vehicle . . . for a period that is greater than 30 days," MCL 500.3101(2)(*l*)(*i*). "[H]aving the use of a motor vehicle for purposes of defining 'owner,' means using the vehicle in ways that comport with concepts of ownership." *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999) (quotation marks and citation omitted). "[O]wnership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Id.* at 691. Thus, a "spotty and exceptional pattern" of usage may not render someone an "owner." *Id.*

In this case, in moving for summary disposition, Progressive asserted that Easter was an owner of the vehicle and that she failed to obtain the security required by MCL 500.3101. Additionally, Progressive maintained that, although Brown insured the car, he was not an "owner," but merely someone who drove the vehicle from "time to time." In support of its contentions, Progressive attached various documents, including the depositions of Easter and Brown as well as insurance documents showing that the vehicle was insured by Brown and not Easter. More specifically, in its brief, based on deposition testimony from Easter and Brown, Progressive emphasized that Easter purchased the car, that she registered it solely in her own name (even though Brown went to the Secretary of State's office with her to register the vehicle), and that Brown did not contribute to Easter's payments on the car. Progressive also noted that Brown drove another vehicle while Easter normally used the vehicle involved in the accident. Thus, Progressive set forth evidence showing that Easter owned the vehicle, that she failed to insure it, and that Brown, while holding insurance on the car, was not an owner but a mere sporadic user of the car. Because Easter was an owner and no owner had insured the vehicle, Progressive argued that MCL 500.3113(b) precluded Easter from seeking no-fault benefits. In short, Progressive identified an issue on which no material question of fact

-3-

remained, MCR 2.116(G)(4), and supported its position with documentary evidence,[1] *Quinto*, 451 Mich at 362.

The burden then shifted to Easter to establish that a genuine issue of disputed fact remained. *Id.* Easter did not meet this burden. She did not submit a timely response or offer any documentary evidence in support of her position in a timely manner. Essentially, by failing to file a timely response in conformance with the court rules, Easter left Progressive's motion and documentary evidence completely unrebutted. Cf. *Barnard*, 285 Mich App at 375.

Despite Easter's failure to file an appropriate response to Progressive's motion, Easter now argues that summary disposition was improper because portions of her deposition and Brown's deposition support the conclusion that Brown was a co-owner of the vehicle in question. Easter concedes that she did not file a timely response or submit this documentary evidence to the trial court in a timely manner. But, she argues that the trial court should have independently reviewed all the available evidence—including all of the deposition testimony—contained in the lower court record to determine if a material question of fact remained before it granted Progressive's motion.

However, this Court has previously rejected such an argument, concluding that, once a party makes a properly supported motion under MCR 2.116, the trial court does not have an obligation "to scour the lower court record in search of a basis for denying the moving party's motion" for summary disposition. *Id.* at 377. Such a requirement would "force the trial court to assume the role of the nonmoving party," and it would "effectively eviscerate" a nonmoving party's burden to establish a genuine issue of material fact for trial under MCR 2.116(G)(4). *Id.* at 377 n 5. In other words, requiring the trial court to search the entire record for a genuine issue of material fact, "even though the adverse party does not set it out in the opposition papers, is . . . profoundly unfair to the movant." *Id.* at 379 (citation omitted).

Here, although Easter's deposition and Brown's deposition were attached to Progressive's motion for summary disposition, Progressive did not refer the trial court to the portions on which Easter relies on appeal. Thus, the trial court had no obligation to consider those portions which Easter now claims support her contention that Brown can be considered an owner. Cf. *id.* at 380-381. Given the evidence actually raised by Progressive and considered by the trial court,[2] *id.*, we cannot conclude that the trial court erred by determining that MCL

---

[1] On appeal, Easter asserts that Progressive's motion for summary disposition was "sketchy" insofar as it related to the contention that Brown was not an owner and the evidence in support of that contention. However, while Easter may have preferred a more elaborate argument, Progressive's brief clearly put Easter on notice of the need to respond to the ownership issue, including the contention that Brown was not an owner but a mere occasional user of the vehicle. Cf. *Barnard*, 285 Mich App at 369, 371, 375 n 4.

[2] The trial court had discretion to consider any documents, including portions not cited by Progressive. *Barnard*, 285 Mich App at 377 n 7. But, there is no evidence that the trial court exercised this discretion. Cf. *id.* at 380-381 n 8. We have reviewed the record in detail, and we agree with Easter that there is evidence in her deposition and Brown's deposition that could have

500.3113(b) precluded Easter's claims for no-fault benefits and by granting summary disposition to Progressive under MCR 2.116(C)(10). As conceded by Easter in the trial court, this same reasoning supports the trial court's grant of summary disposition to Hochstetler because an owner operating her own vehicle that does not have the security required by MCL 500.3101 is precluded from seeking noneconomic tort damages under MCL 500.3135(2)(c). Thus, the trial court also properly dismissed Easter's claims relating to Hochstetler.

## B. EASTER'S UNTIMELY RESPONSE

We review for an abuse of discretion a trial court's decision to decline to consider documents filed after the deadline set forth in a scheduling order. *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d (2006). Thus, "[a]n abuse of discretion is not simply a matter of a difference in judicial opinion, rather it occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Augustine v Allstate Ins Co*, 292 Mich App 408, 419; 807 NW2d 77 (2011).

Under MCR 2.401(2)(a), the trial court may establish times for events the court deems appropriate, including the filing of motions. The trial court has discretion with regard to the enforcement of scheduling orders, *Edi Holdings LLC v Lear Corp*, 469 Mich 1021; 678 NW2d 440 (2004), and the court has "the discretion to decline to entertain actions beyond the agreed time frame," *People v Grove*, 455 Mich 439, 465, 469; 566 NW2d 547 (1997), superseded by MCR 6.310(B) on other grounds as stated in *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012). This includes the discretion whether or not to consider untimely documents. *Prussing v Gen Motors Corp*, 403 Mich 366, 370; 269 NW2d 181 (1978); *Flanagin v Kalkaska Co Rd Comm*, 319 Mich App 633, 640; 904 NW2d 427 (2017). Absent such discretion, deadlines and "scheduling orders would quickly become meaningless."[3] *Grove*, 455 Mich at 467, 469. See

---

been used to establish a question of fact regarding Brown's ownership. Cf. *id.* at 380. For example, Brown testified that he considered himself an owner of the car and Easter testified that they used the car as a "family car." Further, Brown had his own set of keys to the car, he could drive it without first asking Easter's permission, and he performed maintenance work on the vehicle. Had this evidence been considered by the trial court, it would have established a genuine issue of material fact as to whether Brown had use of the vehicle for a period of greater than 30 days. See MCL 500.3101(2)(*l*)(*i*); *Ardt*, 233 Mich App at 689-691. But, the trial court had no obligation to consider this evidence and, because it did not do so, this evidence is not part of our review. See *Barnard*, 285 Mich App at 380-381 & n 8.

[3] On appeal, Easter argues that rigid adherence to scheduling requirements violates MCR 1.105, which provides that the court rules "are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties." However, this argument has been rejected, and it has been specifically recognized that affording a trial court's discretion to enforce scheduling orders

also *Kemerko*, 269 Mich App at 350-351. In considering whether to exercise its discretion not to consider untimely filings, the trial court is not required to consider "other, less severe options" as required before imposing discovery sanctions under MCR 2.313. *Kemerko*, 269 Mich App at 352-353. See also *Edi Holdings LLC*, 469 Mich at 1021 (concluding that the trial court did not abuse its discretion by refusing to accept late a response to a summary disposition motion even though the trial court failed to consider the availability of alternative remedies).

In this case, following a scheduling conference, the trial court entered a scheduling order on February 26, 2016, which provided that motions for summary disposition must be filed by September 30, 2016. This deadline was later extended to October 24, 2016. The scheduling order indicated that motions for summary disposition must be filed and served pursuant to MCR 2.116. Likewise, the scheduling order stated that "[a]ll opposing materials must be filed and served pursuant to MCR 2.116." Under MCR 2.116(G)(1)(a)(*ii*), any response to a motion for summary disposition, including a brief and any affidavits, "must be filed and served at least 7 days before the hearing." A brief filed in response to a motion for summary disposition "may not exceed 20 pages double spaced, exclusive of attachments and exhibits." MCR 2.119(A)(1). See also MCR 2.116(G)(1).

Progressive moved for summary disposition on August 30, 2016. The hearing on Progressive's motion was originally scheduled for September 22, 2016, meaning that Easter's response was due September 15, 2016. MCR 2.116(G)(1)(a)(*ii*). On September 2, 2016, at a hearing on a motion by Easter to compel discovery, Easter asked that the hearing on the summary disposition be adjourned so that Easter could conduct an additional deposition before responding to Progressive's motion.[4] The trial court granted this request, and the hearing was postponed until October 24, 2016, meaning that Easter's response was due October 17, 2016. MCR 2.116(G)(1)(a)(*ii*). Easter did not file a response on or before October 17, 2016. When Easter did attempt to file a response, it exceeded the page limit imposed by MCR 2.119(A)(1). At that time, Easter filed an untimely motion to exceed the page limit. According to the lower court register of actions, Easter's motion to exceed the page limit and her nonconforming brief were filed in the trial court on October 21, 2016.[5]

---

promotes "the efficient management of the trial court's docket and is consistent with the rule of construction stated under MCR 1.105." *Kemerko*, 269 Mich App at 350. See also *Grove*, 455 Mich at 469 n 36.

[4] Easter's attorney also noted that she had a trial scheduled in another case that conflicted with the September 2, 2016 hearing date. The trial court indicated that it understands that "people have conflicting calendars," and the trial court noted it would be "fair" to accommodate this calendar conflict by pushing back the summary disposition hearing date.

[5] At the summary disposition hearing, the trial court noted that Easter's untimely response was received six days prior to the hearing, i.e., October 18, but that there was an additional delay in filing the brief because Easter delayed in providing the motion fee applicable to her motion to exceed the page limit.

Based on Easter's failure to comply with the time deadline and to adhere to the page limit requirement, the trial court declined to consider Easter's response to Progressive's motion for summary disposition. In reaching this conclusion, the trial court reasoned that plaintiff had "ample time" since August 30, 2016 to file a response to Progressive's motion and to file a motion to exceed the page limit. The trial court also noted that there was nothing in the issues presented in this case which necessitated Easter's untimely request to exceed the applicable page limit. Given Easter's failure to abide by the scheduling requirements and page limit, the trial court declined to review Easter's response to Progressive's motion for summary disposition.

On appeal, Easter concedes that her response to Progressive's motion was untimely and that, when she did file her response, the response exceeded the page limit, necessitating an untimely motion to exceed the page limit. Indeed, as a result of the trial court's order to adjourn the hearing to October 24, Easter undisputedly had more than seven weeks to respond to Progressive's motion, and Easter offers no reason why she could not have filed a response and her motion to exceed the page limit in a timely manner. Clearly, Easter violated the trial court's scheduling order and MCR 2.116(G)(1)(a)(*ii*). Thus, to enforce its scheduling order, the trial court had discretion to refuse to consider Easter's response to Progressive's motion. See *Edi Holdings LLC*, 469 Mich at 1021.

Nevertheless, Easter contends that the extent of her tardiness was relatively minor and that the trial court should have considered other, less severe options before refusing to review her response to Progressive's motion for summary disposition. The trial court's refusal to consider Easter's response strikes us as rather draconian, and were we sitting in the trial court's position, we might well have taken some lesser action than refusing to consider Easter's response, particularly given our legal system's preference for resolving cases on their merits. See *Rogers v JB Hunt Transp, Inc*, 466 Mich 645, 654; 649 NW2d 23 (2002). But, the trial court had no obligation to consider lesser options before declining to review Easter's untimely response, *Kemerko*, 269 Mich App at 352-353, and any mere difference of judicial opinion does not evince an abuse of discretion in the trial court's decision, *Augustine*, 292 Mich App at 419. See also *Grove*, 455 Mich at 466 (discussing with approval a federal case where the court strictly adhered to scheduling deadlines even though the parties were "only one day late"). Overall, on the facts presented, we cannot conclude that the trial court abused its discretion by enforcing deadlines and refusing to take into account Easter's nonconforming response that was belatedly filed. See *Edi Holdings LLC*, 469 Mich at 1021; *Prussing*, 403 Mich at 370.

## II. DISCOVERY SANCTIONS

Lastly, Easter argues that the trial court abused its discretion by denying her motion for discovery sanctions against Progressive. Specifically, Easter contends that Progressive should have been sanctioned under MCR 2.313(B)(2)(b) because Progressive failed to produce an insurance document that named Easter as an insured and Easter was unable to depose Progressive's former employee, Blessing Fregene.

We review a trial court's denial of discovery sanctions for an abuse of discretion. *Jilek v Stockson*, 297 Mich App 663, 665; 825 NW2d 358 (2012). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). Findings of fact relating to the trial court's decision

-7-

regarding discovery sanctions are reviewed for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011).

If a party fails to comply with a discovery order, the trial court may impose sanctions, including entry of "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence." MCR 2.313(B)(2)(b). However, before imposing sanctions, "the trial court must carefully consider the circumstances of the case before it." *Linsell v Applied Handling, Inc*, 266 Mich App 1, 21; 697 NW2d 913 (2005). Factors to be considered when determining the appropriate sanction for a discovery violation include:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests . . . ; (3) the prejudice to the [opposing party]; (4) . . .; (5) whether there exists a history of [the party] engaging in deliberate delay; (6) the degree of compliance by the [the party] with other provisions of the court's order; (7) an attempt by the [party] to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 451; 540 NW2d 696 (1995).]

"Severe sanctions are generally appropriate only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (citation omitted). "Ultimately, the court's chosen discovery sanction must be proportionate and just." *Hardrick*, 294 Mich App at 662 (citation and quotation marks omitted).

In this case, Easter made several discovery requests, and later filed a motion to compel discovery. A hearing on Easter's motion to compel was held on September 2, 2016, at which time Easter's attorney noted that, although there had been a delay in Progressive's responses, "Progressive has produced the records that we've been looking for" related to insurance coverage and "Progressive has now complied with the [sic] discovery." However, after the hearing, Easter served an additional request for discovery and, on October 12, 2016, Easter sought discovery sanctions against Progressive under MCR 2.313(B)(2)(B) based on the assertions that documents naming her as an insured were withheld, that Progressive's responses were not timely, and that she was unable to depose Fregene.

In considering Easter's request for sanctions under MCR 2.313(B)(2)(b), the trial court found that Progressive's responses to Easter were not lies or fraud, and that any discovery violation by Progressive, if there was any violation, was inadvertent and did not warrant a severe sanction under MCR 2.313(B)(2)(b). More specifically, with regard to Progressive's failure to produce an insurance document naming Easter as an insured, the trial court noted that, while Easter asserted that she had such a document stored in her glove compartment, "there is ample, plenty of evidence to the contrary," which showed that only Brown was listed on the insurance policy. We see nothing clearly erroneous in these factual findings, and we fail to see how Progressive can be sanctioned for failing to produce a document which does not exist. In terms of Progressive's purported delay in responding, the trial court emphasized that the parties had "ample time to review the documents in this case," and that Easter was provided with additional

time for discovery following the September 2, 2016 hearing. Further, given that the documents do not support Easter's claim that she was a named insured under the policy, even if Progressive delayed in responding to Easter's discovery requests, Easter was not prejudiced and a severe sanction was not warranted based on this delay. Finally, with regard to the deposition of Fregene, it is undisputed that he was a former employee of Progressive who died before the date scheduled for his deposition. Progressive learned of his death on September 6, 2016, and passed this information on to Easter's attorney. While Easter asserts that she should have been told he was sick or given his name sooner, the fact remains that his death—not any action by Progressive—prevented his deposition. On these facts, the trial court did not abuse its discretion by concluding that sanctions under MCR 2.313(B)(2)(b) were not warranted.

Affirmed. Having prevailed in full, defendants may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering