# STATE OF MICHIGAN

# COURT OF APPEALS

STATE FARM FIRE AND CASUALTY
COMPANY,

UNPUBLISHED
May 22, 2018

Plaintiff-Appellee,

v

Nos. 332454; 333281
Sanilac Circuit Court
LC No. 14-035646-NZ

DETROIT EDISON CO., also known as DTE
ELECTRIC COMPANY,

Defendant-Appellant.

JANET BOTT, individually, and the ESTATE OF
WILLIAM BOTT,

Plaintiffs-Appellees,

v

No. 333287
Sanilac Circuit Court
LC No. 14-035706-NF

DETROIT EDISON CO., also known as DTE
ELECTRIC COMPANY,

Defendant-Appellant.

Before: SERVITTO, P.J., and JANSEN and STEPHENS, JJ.

Servitto, J. (*concurring in part and dissenting in part*).

I concur with all of the majority's findings with the exception of its determination that this Court lacks jurisdiction to review DTE's challenges to the trial court's February 22 and 24, 2016 orders granting State Farm sanctions for DTE's request for admission responses. DTE thoroughly addressed this issue in one of the cases consolidated on appeal (docket no. 332454) and indicated in the case in which it should have addressed the issue (docket no. 333281) that it was incorporating the argument on this issue that it had set forth in the other docketed case. I would thus treat it as if we had granted leave to address this issue in docket no. 332454. I would further find that the trial court did not abuse its discretion in awarding sanctions to State Farm for DTE's request for admission responses.

-1-

Pursuant to MCR 2.312(A), a party in a civil action may request certain admissions from the other party before trial. MCR 2.313(C) provides that "[i]f a party denies . . . the truth of a matter as requested under MCR 2.312, and if the party requesting the admission later proves . . . the truth of the matter, the requesting party may move for an order requiring the other party to pay the expenses incurred in making that proof, including attorney fees." The purpose of MCR 2.312 is to limit areas of controversy and save time, energy, and expense which otherwise would be spent in proffering proof of matters properly subject to admission. *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 457; 540 NW2d 696 (1995) (citation and quotation marks omitted).

First, the individual signing the interrogatories testified that he actually played no role in answering the requests to admit. Next, and most importantly, the specific responses forming the basis for the sanctions in this matter generally do not go to the heart of the claim but rather concern themselves with facts and observations made by DTE employees. For example, to the request to admit "that when the tree fell on the service drop, the service mast and meter base was forcefully pulled from the side of the Bott home," DTE answered that it could not admit nor deny without discovery. To the request to admit "that when the tree pulled the service drop, service mast and meter from the Bott home, the service neutral conductor was pulled from the meter base," DTE answered "denied as phrased." Yet, DTE employees testified that when they conducted their investigation in August 2012 (a year and half prior to the requests for admissions), they concluded that the answers to the above two questions were "Yes." These two responses are just a sampling of the frivolous and untrue responses to requests to admit submitted by DTE. The sanctions were warranted.


/s/ Deborah A. Servitto