*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA COPPOLA and TIMOTHY COPPOLA,

        Plaintiffs-Appellants,

v

EDWARD ROSE & SONS, LLC,

        Defendant,

and

OCCIDENTAL DEVELOPMENT, LLC,

        Defendant-Appellee.

UNPUBLISHED
June 25, 2019

No. 343172
Oakland Circuit Court
LC No. 2017-158709-NO

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

In this statutory premises liability action brought under MCL 554.139, plaintiffs appeal as of right an order granting summary disposition to defendant.[1] On appeal, plaintiffs argue that the trial court erred by granting summary disposition to defendant because defendant did not provide reasonable access to plaintiffs' handicapped parking space as required by statute and that the trial court erred by declining to consider an admission by defendant's employee as evidence. We disagree.

In December of 2016, Pamela Coppola (Pamela) and her husband, Timothy Coppola (Timothy), lived in an apartment complex owned and operated by defendant. About one week before December 21, 2016, there was a snow storm that required defendant to remove snow from the parking lot where plaintiffs parked their vehicle. In the week leading up to December 21, 2016, defendant plowed the center of the parking lot, but some snow and ice was still present in

---

[1] "Defendant" refers solely to Occidental Development, LLC throughout this opinion.

Pamela's assigned handicapped parking spot when Pamela and Timothy left to go out to dinner on December 21, 2016. Pamela and Timothy reached their vehicle without incident, but when they returned home Pamela slipped on ice and snow in her assigned parking spot and injured her right hand and shoulder. Plaintiffs sued defendant for breaching its statutory duty of care to Pamela and the trial court granted summary disposition to defendant. This appeal followed.

Plaintiffs argue defendant breached its statutory duty and MCL 554.139 because Pamela did not have reasonable access to her parking spot. We disagree.

Defendant moved for summary disposition under MCR 2.116(C)(10). A trial court's summary disposition ruling is reviewed de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Summary disposition is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The moving party has the initial burden to support its claim with documentary evidence but, once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party asserts that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present such evidence. See *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016) ("Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient."). This Court may only consider "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003). Additionally, "[i]ssues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

A trial court's preserved evidentiary decisions are reviewed for an abuse of discretion. *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 541; 854 NW2d 152 (2014). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Nowacki v Dep't of Corrections*, 319 Mich App 144, 148; 900 NW2d 154 (2017) (quotation marks and citation omitted). A trial court also abuses its discretion, however, "by admitting evidence that is inadmissible as a matter of law." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016).

A landlord's premises liability for a tenant's injuries on the premises is established in MCL 554.139, which states, in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
>> (a) That the premises and all common areas are fit for the use intended by the parties.

Our Supreme Court addressed the duty a landlord owes to tenants injured in their parking lot in *Allison*, 481 Mich at 419. In *Allison*, the tenant fell while walking on one to two inches of snow in his apartment complex's parking lot. *Id*. at 423. The *Allison* Court examined MCL 554.139 to determine what duty the landlord owed to the tenant. The *Allison* Court held that the parking lot was a "common area," under MCL 554.139(1)(a), "because it is accessed by two or more, or all, of the tenants and the lessor retains general control." *Id*. at 428. A parking lot is "fit for the use intended by the parties," under MCL 554.139(1)(a), as long as the landlord "ensure[s] that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*. at 429. A lessor's duty to clear ice and snow from a parking lot is only triggered under "much more exigent circumstances than those" in *Allison*, meaning an accumulation of one to two inches of snow. *Id*. at 430. MCL 554.139 "does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot." *Id*. Furthermore, "[m]ere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes." *Id*.

The *Allison* Court applied this standard to the specific facts presented in its case and found that the tenant's claim was barred by MCL 554.139(1)(a), because the parking lot was fit for its intended use. *Allison*, 481 Mich at 430. The *Allison* Court also stated that the "[tenant] did not show that the condition of the parking lot in this case precluded access to his vehicle" and, therefore, failed to show that the parking lot was unfit for its intended use. *Id*. at 430-431. Because the defendant did not breach its duty to the plaintiff, the *Allison* Court affirmed the trial court's order granting summary disposition to the defendant. *Id*. at 439.[2]

The *Allison* Court, however, did not specify whether "reasonable access" was based on a subjective or an objective standard. See *Allison*, 481 Mich at 429-431. We are unaware of any authority regarding whether the reasonable person standard applies to MCL 554.139. When a statute abrogates the common law, however, "the Legislature should speak in no uncertain terms when it exercises its authority to modify the common law." *Velez v Tuma*, 492 Mich 1, 11-12; 821 NW2d 432 (2012) (quotation marks and citation omitted). MCL 554.139 is silent on whether it applies the reasonable person standard. See MCL 554.139. Thus, the objective

---

[2] Plaintiffs argue that Michigan courts rarely grant summary disposition in cases addressing whether a defendant breached the duty of care owed to the plaintiff. As the *Allison* Court made clear, however, when a defendant clearly has not breached the duty of care owed to a plaintiff, an order affirming the trial court's order granting summary disposition to the defendant is appropriate. *Allison*, 481 Mich at 439.

-3-

reasonable person standard used for common law premises liability cases is applicable in this case. See *Velez*, 492 Mich at 11-12; *Hoffner v Lanctoe*, 492 Mich 450, 463-464; 821 NW2d 88 (2012) (applying the objective reasonable person standard to a common-law premises liability case). As such, defendant did not owe Pamela a higher duty of care because she was a handicapped person walking through a handicapped parking spot. See *Velez*, 492 Mich at 11-12; *Hoffner*, 492 Mich at 463-464. Additionally, plaintiffs failed to cite any authority supporting their argument that defendant owed Pamela a higher duty of care and a party cannot simply assert a position and leave it for this Court to research the issue on their behalf. Thus, plaintiffs argument that defendant owed Pamela a higher duty of care because she was handicapped is abandoned. See *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008) ("Because plaintiff cites no authority for its argument, we reject it as abandoned on appeal.").

Plaintiffs failed to specify before the trial court the amount of snow and ice in Pamela's parking spot on December 21, 2016. Plaintiffs produced photographs of Pamela's parking spot taken after Pamela's fall, but these photographs do not show "much more exigent circumstances" than the one to two inches of snow discussed in *Allison*. *Allison*, 481 Mich at 430. Defendant plowed the center of the parking lot and asked tenants to move their vehicles so that their parking spaces could also be plowed. Timothy moved plaintiffs' vehicle, but it is unknown whether the cars parked next to Pamela's parking spot also moved their vehicles to allow a snow plow access to clear those parking spaces. Defendant also cleared snow from the sidewalks in the apartment complex and provided plaintiffs with a bucket of salt on their porch to use as they deemed necessary. A landlord is not required to maintain a parking lot in an ideal condition or in the most accessible condition possible; rather, a landlord is only required to maintain a parking lot in a condition that renders it fit for use as a parking lot. *Id*. The parking lot was fit for use as a parking lot because Pamela was not deprived of reasonable access to her parking spot. Thus, the trial court did not err by granting summary disposition to defendant. See *id*. at 429-431.[3]

We note that plaintiffs argue that published opinions decided by this Court before *Allison*, as well as unpublished opinions by this Court decided after *Allison*, show that defendant breached its duty of care to Pamela. This Court's unpublished opinions, however, do not have any precedential authority, MCR 7.215(C)(1); *Howell Ed Ass'n, MEA/NEA v Howell Bd of Ed*, 287 Mich App 228, 243; 789 NW2d 495 (2010), and *Allison* carries greater precedential weight than this Court's published decisions decided before *Allison* because (a) *Allison* is more recent, (b) it is a case decided by our Supreme Court, and (c) it clearly established the duty a landlord owes to his or her tenants under MCL 554.139 when the tenant falls in a parking lot. See *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006) (holding that until our Supreme Court overrules one of its prior decisions, "all lower courts and tribunals are bound by that prior decision and must follow it even if they believe that it was wrongly decided or has become

---

[3] The trial granted summary disposition to defendant on plaintiffs' common-law premises liability claim and plaintiffs have not appealed this portion of the trial court's order granting summary disposition to defendant. Because common-law premises liability is not at issue on appeal, we will not address the issue here.

obsolete."). Thus, because *Allison* establishes that defendant did not breach its duty to Pamela, consideration of the other cases cited by plaintiffs is unnecessary.

Finally, plaintiffs argue that the trial court improperly relied on "negative evidence" that Pamela safely walked to her vehicle before going to dinner to demonstrate that she had reasonable access to her parking spot. Our Supreme Court defined "negative evidence" in *Serinto v Borman Food Stores*, 380 Mich 637, 642; 158 NW2d 485 (1968), as "evidence to the effect that a circumstance or fact was not perceived." Similarly, *Black's Law Dictionary* defines "negative evidence" as "[e]vidence suggesting that an alleged fact does not exist, such as a witness's testifying that he or she did not see an event occur." *Black's Law Dictionary* (10th ed). Plaintiffs, however, also relied on Michigan's long-standing rule of evidence that absence of accidents should not be admitted to show an absence of negligence. See, e.g., *Larned v Vanderlinde*, 165 Mich 464, 468; 131 NW 165 (1911); *Kurczewski v Mich State Hwy Comm*, 112 Mich App 544, 550; 316 NW2d 484 (1982). The trial court did not consider "negative evidence" of whether any individuals other than Pamela fell in plaintiff's parking lot, but it did consider evidence that plaintiffs did not fall in the parking lot on their way to dinner when holding that defendant did not breach its duty to provide Pamela reasonable access to plaintiffs' vehicle. This was in error.

"Any error in the admission or exclusion of evidence does not require reversal unless a substantial right of a party is affected or unless failure to do so would be inconsistent with substantial justice." *Landin*, 305 Mich App at 541. "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration in original, citation and quotation marks omitted). Even without considering the fact that plaintiffs safely reached their car on their way to dinner, as discussed above, the facts in this case are not "much more exigent circumstances" than the one to two inches of snow in *Allison*. *Allison*, 481 Mich at 430. Thus, the trial court's consideration that plaintiffs safely accessed their vehicle when they left for dinner did not affect the outcome of the proceedings. There was sufficient evidence regarding the condition of the parking lot for the trial court to determine defendant did not breach a statutory duty to plaintiff under MCL 554.139.

Plaintiffs argue that the trial court erred by refusing to consider the deposition testimony of Claude Singleton III, a maintenance worker at the apartment complex, where he opines that Pamela did not have reasonable access to her parking spot in granting summary disposition to defendant. We disagree.

To preserve an evidentiary issue for appellate review, the party claiming error must have objected at trial and specified the same ground for objection that the party asserts on appeal. *Genna v Jackson*, 286 Mich App 413, 423; 781 NW2d 124 (2009). Defendant argued that Singleton's comment about whether Pamela had reasonable access to her parking space was inadmissible because Singleton's answer was a legal conclusion, not an admissible factual opinion under MRE 701, in its reply to plaintiffs' response to defendant's motion for summary disposition. Plaintiffs argued that Singleton's answer was not a legal conclusion, but plaintiffs failed to argue that Singleton's answer was admissible under any alternative or specific rule of evidence. Thus, the issue of whether Singleton's comment that the photograph showed reasonable access to Pamela's handicapped parking space called for a legal conclusion or was

-5-

admissible evidence under MRE 701 is preserved. Whether Singleton's comment was admissible evidence under MRE 704, however, is unpreserved.

A trial court's preserved evidentiary decisions are reviewed for an abuse of discretion. *Landin*, 305 Mich App at 541. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Nowacki*, 319 Mich App at 148 (quotation marks and citation omitted). A trial court also abuses its discretion, however, "by admitting evidence that is inadmissible as a matter of law." *Hecht*, 499 Mich at 604. "To the extent that this inquiry requires examination of the meaning of the Michigan Rules of Evidence, we address such a question in the same manner as the examination of the meaning of a court rule or a statute, which are questions of law that we review de novo." *Waknin v Chamberlain*, 467 Mich 329, 332; 653 NW2d 176 (2002).

Because plaintiffs' MRE 704 argument is unpreserved, it is reviewed for plain error. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 335-336; 612 NW2d 838 (2000) (quotation marks omitted), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence*, 320 Mich App 443 (alteration in original, citation and quotation marks omitted). The appellant bears the burden of persuasion with respect to prejudice. See *Carines*, 460 Mich at 763 ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." Quotation marks and citation omitted.)

Under MCR 2.116(G)(6), "[a]ffidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)--(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." The determinative factor when considering what evidence a trial court can consider when ruling on a motion for summary disposition is the content and substance of the evidence offered, not its form. *Dextrom v Wexford Co*, 287 Mich App 406, 427-428; 789 NW2d 211 (2010).

"Lay witness testimony in the form of an opinion is permitted where it is rationally based on the witness' [sic] perception and helpful to a clear understanding of the witness' [sic] testimony or the determination of a fact at issue." *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 455; 540 NW2d 696 (1995), citing MRE 701. Questions of law, however, are "within the exclusive responsibility of the trial judge." *Thorin v Bloomfield Hills Bd of Ed*, 203 Mich App 692, 704; 513 NW2d 230 (1994). Thus, lay witness testimony may not include legal conclusions because legal conclusions are not rationally based on a witness's perception and such testimony would invade the province of the trial judge. See MRE 701; *Richardson*, 213 Mich App at 455; *Thorin*, 203 Mich App at 704.

Singleton was called to plaintiffs' apartment on December 21, 2016, after Pamela's fall. Singleton examined Pamela's parking spot and put salt on the snow and ice covered portions that night. At his deposition, the following exchange occurred:

[Plaintiffs' attorney]: Yeah. I mean, you told me about, you know, the different things you guys have to do to accommodate handicap tenants and things like that. As it was left by the snow removal contractor the night before, what we're looking at in Exhibit 1, is this a representation of reasonable access and accommodation that would allow a handicap resident access to their vehicle?

[Defendant's attorney]: Same objection. Go ahead and answer the question if you can.

[Singleton]: Based on the picture, no.

Plaintiffs asked Singleton for his observation about a photograph of Pamela's parking spot taken the morning after her fall. Singleton personally observed the parking spot on December 21, 2016, and was asked to testify about a photograph of the same location taken on December 22, 2016. Thus, Singleton could testify about what he observed in the photograph as long as his testimony was rationally based on his perception, i.e. how much snow and ice was in Pamela's parking spot or how the condition of Pamela's parking spot in the picture compared to its condition on December 21, 2016. See *Richardson*, 213 Mich App at 455-456 (holding that two police officers could testify as lay witnesses under MRE 701 about pictures taken of a crash site that they had personally investigated). Singleton, however, could not testify about whether the photograph showed that Pamela had "reasonable access" to her parking space, because "reasonable access" is the term established in *Allison*, 481 Mich at 428-431, to determine whether a landlord satisfied their statutory duty of care to tenants in a parking lot. Singleton's answer, therefore, called for a legal conclusion and was inadmissible. See *Maiden v Rozwood*, 461 Mich 109, 130 n 11; 597 NW2d 817 (1999) ("Whether the statutory standard of care was violated is a legal conclusion."). Because Singleton's testimony that Pamela's parking spot did not provide her with "reasonable access" to her vehicle was a legal conclusion, the trial court did not err by refusing to consider it when granting summary disposition to defendant. See MCR 2.116(G)(6).

Even if the trial court abused its discretion by refusing to consider Singleton's testimony, any such abuse of discretion does not require reversal. "Any error in the admission or exclusion of evidence does not require reversal unless a substantial right of a party is affected or unless failure to do so would be inconsistent with substantial justice." *Landin*, 305 Mich App at 541. "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence*, 320 Mich App at 443 (alteration in original, citation and quotation marks omitted). Plaintiffs attached to their response to defendant's motion for summary disposition the photograph shown to Singleton when he testified. The trial court, therefore, was able to examine the photograph and make its own determination regarding whether the snow and ice in Pamela's parking spot prevented her from having reasonable access to her vehicle. Additionally, the trial court was also able to consider Singleton's deposition testimony in full, including his later statement that the center of Pamela's parking spot provided her with

reasonable access to the sidewalk.[4] Given the trial court's ability to review the photograph at issue and the entirely of Singleton's statements about the condition of the parking spot, the trial court's refusal to consider Singleton's statements about the photograph did not affect the outcome of the proceedings.

Finally, plaintiffs argue that Singleton's statement that Pamela's parking spot did not provide her with reasonable access to her vehicle was admissible under MRE 704. MRE 704 states that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The admissibility of such a statement "should not be questioned merely because the determination of liability may turn on whether the jury believes or disbelieves that opinion." *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 91; 910 NW2d 691 (2017) (quotation marks and citation omitted). As explained above, Singleton's testimony was inadmissible under MRE 701 because it called for a legal conclusion. *Maiden*, 461 Mich at 130 n 11. Because Singleton's testimony was not "otherwise admissible," it was also inadmissible under MRE 704. See MRE 704. Furthermore, as explained, the trial court's refusal to consider Singleton's statements about the photograph did not affect the outcome of the proceedings. Thus, even if Singleton's statement about Pamela's parking spot was admissible under MRE 704, and the trial court's refusal to consider it was an abuse of discretion, reversal of the trial court's order granting summary disposition to defendant is not warranted.

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica

---

[4] We note that Singleton's second answer stating that the middle portion of Pamela's parking spot provided her with reasonable access to the sidewalk also calls for a legal conclusion based on the analysis above, *Maiden*, 461 Mich at 130 n 11, but assuming that Singleton's first answer did not call for a legal conclusion then his second answer also did not call for a legal conclusion. Both of Singleton's statements about whether the photograph showed reasonable access, therefore, should be considered together when determining whether the trial court's potential error requires reversal. See MRE 106.