PEOPLE v SLOCUM

Docket No. 89176. Submitted June 5, 1986, at Lansing. Decided August 26, 1986.

Keith Slocum was charged with felonious assault and other crimes in the Isabella Circuit Court. He was then charged with being an habitual criminal based on a prior conviction of attempted resisting and obstructing a police officer. The court, Paul F. O'Connell, J., granted defendant's motion to quash the supplemental information, holding that since attempted resisting and obstructing a police officer is punishable by a maximum sentence of one year it did not constitute a felony under the Code of Criminal Procedure and, thus, did not support an habitual offender supplemental information. The people appealed.

The Court of Appeals held:

The habitual offender statute expresses no requirement that a prior conviction for "an attempt to commit a felony" must in itself constitute a felony. A prior misdemeanor conviction for an attempt to resist and obstruct a police officer, a felony under the Code of Criminal Procedure, may support a supplemental information charging the defendant with being a habitual offender.

Reversed.

CRIMINAL LAW — HABITUAL OFFENDERS — FELONIES — ATTEMPTS.

The habitual offender statute expresses no requirement that a prior conviction for "an attempt to commit a felony" must in itself constitute a felony; a prior misdemeanor conviction for an attempt to resist and obstruct a police officer, a felony under the Code of Criminal Procedure, may support a supplemental information charging the defendant with being a habitual offender (MCL 769.10; MSA 28.1082).

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.

Determination of character of former crime as a felony, so as to warrant punishment of an accused as a second offender. 19 ALR2d 227.

What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Mark H. Duthie,* Assistant Prosecuting Attorney, for the people.

*Richard S. Allen,* for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

PER CURIAM. This is an appeal by the prosecutor from the trial court's order dismissing a supplemental information charging defendant with being a second felony offender, MCL 769.10; MSA 28.1082. We reverse.

On September 1, 1985, defendant was bound over to circuit court on the charges of felonious assault, MCL 750.82; MSA 28.277, resisting and obstructing a police officer, MCL 750.479; MSA 28.747, felony-firearm, MCL 750.227b; MSA 28.424(2), and reckless driving, MCL 257.626; MSA 9.2326. On October 1, 1985, the prosecutor filed an habitual offender information based on defendant's prior conviction for attempted resisting and obstructing a police officer, MCL 750.92; MSA 28.287 and MCL 750.479; MSA 28.747.

Defendant responded with a motion to quash the supplemental information, which the trial court granted by order of November 20, 1985. The court held that, since the offense of attempted resisting and obstructing a police officer is punishable by a maximum sentence of only one year, it does not constitute a felony under the Code of Criminal Procedure and thus does not support an habitual offender information. However, the felony offender

---

* Circuit judge, sitting on the Court of Appeals by assignment.

statutes[1] provide for enhanced sentencing where a defendant has been previously convicted of a felony or an attempt to commit a felony. In this case, defendant was charged with a supplemental information under MCL 769.10; MSA 28.1082, which provides in relevant part:

> If a person has been convicted of a felony, *an attempt to commit a felony,* or both, whether the conviction occurred in this state or would have been for a felony in this state if the conviction obtained outside this state had been obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows. [Emphasis added.]

Another panel of this Court has considered this "attempted felony" language in the context of MCL 769.12; MSA 28.1084. On the basis of a plain reading of the statute, it was concluded that the Legislature does not require that a prior conviction for an attempt to commit a felony constitute a felony in itself as well. A conviction for an attempt to commit a felony supports a supplemental information even if that conviction constitutes a misdemeanor offense. See *People v Davis,* 89 Mich App 588, 594, 595-596; 280 NW2d 604 (1979). We agree with this analysis and apply it in the context of MCL 769.10; MSA 28.1082.

Defendant in this case was previously convicted for the attempt to commit the offense of resisting and obstructing a police officer. Resisting and obstructing a police officer is a felony for purposes of the Code of Criminal Procedure. See *People v Smith,* 423 Mich 427; 378 NW2d 384 (1985), and

---

[1] MCL 769.10; MSA 28.1082, MCL 769.11; MSA 28.1083 and MCL 769.12; MSA 28.1084.

*People v DeLong,* 128 Mich App 1; 339 NW2d 659 (1983). The trial court thus erred in dismissing the supplemental information filed against defendant on the ground that the prior conviction itself is a misdemeanor.

Defendant alternatively argues that the offense of "attempted resisting and obstructing a police officer" does not exist. Defendant premises his argument on the principle that there is no such crime as an attempted assault. See *People v Richard Banks,* 51 Mich App 685; 216 NW2d 461 (1974), lv den 392 Mich 765 (1974). The offense of resisting and obstructing a police officer, however, is not an assault offense since any form of resistance or obstruction will support a conviction. In fact, defendant in this case was separately charged with felonious assault for his attack on the police officer.

Reversed.