Gage, J.
 

 Defendant stands charged with violating MCL 257.617 for failing to stop at the scene of a motor vehicle accident that resulted in the death of another person. His appeal involves the trial court’s denial of his pretrial request for a jury instruction that the prosecutor must prove that defendant had knowledge that his involvement in an accident resulted in serious injury or death to another person. This Court initially denied defendant’s interlocutory application for leave to appeal.
 
 People v Lang,
 
 unpublished order of the Court of Appeals, entered March 30, 1999 (Docket No. 216449). Defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the matter to this Court for consideration as on leave granted.
 
 People v Lang,
 
 461 Mich 882 (1999). We now reverse the trial court’s ruling and remand for further proceedings.
 

 The limited record provided to this Court reflects that while driving on Interstate 696 on October 10, 1997, defendant struck and killed the victim, who had been standing on the freeway shoulder near a disabled vehicle. Defendant filed a pretrial motion “for
 
 *567
 
 Charge to Jury and Interpretation of Statute and Jury Instruction” in which he asserted that the plain language of MCL 257.617 reflected that the prosecutor had to prove beyond a reasonable doubt that defendant knew or should have known not only of his involvement in a motor vehicle accident, but additionally that the accident had resulted in serious or aggravated injury or death to another person. Defendant also noted that the applicable model jury instruction, CJI2d 15.14, provided support for his interpretation of § 617 and requested that the trial court instruct the jury accordingly.
 

 The prosecutor responded that the criminal jury instructions were not binding and that the plain language of the statute, including the Legislature’s placement of commas, demonstrated that the prosecutor need only prove defendant’s knowledge of his involvement in an accident. The prosecutor explained that “[t]o require proof of knowledge of the exact nature of the injury or damage would impose a burden that would be unreasonably difficult to sustain” and would encourage drivers involved in accidents to flee accident scenes to avoid acquiring knowledge of the nature of the victim’s injuries. The prosecutor also suggested that prior versions of the current statute did not require proof of knowledge of the extent of the victim’s injuries.
 

 The trial court agreed that prior enactments of the statute did not demand proof of a defendant’s knowledge of the injuries suffered by an accident victim. With respect to the current statute, the court explained further as follows:
 

 The current statutory provision for failure to stop at an accident are [sic] expressed in a series of three related
 
 *568
 
 offenses with progressively less severe penalties. MCL 257.617a reduces the penalty to a one year misdemeanor where the—where there is an injury instead of a serious or aggravated injury or death. MCL 257.618 reduces the penalty further where there is only property damage. Before 1975, these statutes were combined in one statute which provided for both misdemeanor and felony penalties.
 

 The Court finds that when the Michigan [Legislature redrafted MCL 257.6[1]7 as three separate statutes which— with different penalties, it merely intended to specify less severe penalties for failure to stop at less severe accidents.
 

 It seems doubtful that the [Legislature intended to create an additional knowledge element for each offense and to exonerate hit and run drivers who might be unaware of the severity of the accident.
 

 Consequently, the trial court expressed its intent to instruct the jury in relevant part that “defendant knew or had reason to know that he had been in a motor vehicle accident,” and denied defendant’s motion. The trial court granted defendant’s motion to stay further proceedings pending appeal.
 

 Defendant contends that the trial court misconstrued MCL 257.617 in concluding that the statute did not contain an element of knowledge of an accident victim’s injuries. The interpretation of a statute constitutes a legal question that this Court reviews de novo.
 
 People v Law,
 
 459 Mich 419, 423; 591 NW2d 20 (1999). Well-established principles guide our construction of statutes. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The first criterion in determining intent is the specific language of the statute. The Legislature is presumed to have intended the meaning it plainly expressed.
 
 People v Sartor,
 
 235
 
 *569
 
 Mich App 614, 619; 599 NW2d 532 (1999). When the statutory language appears clear and unambiguous, this Court must enforce the statute as written; no further judicial construction is required or permitted.
 
 People v Morey,
 
 461 Mich 325, 330; 603 NW2d 250 (1999).
 

 As the trial court observed, the Michigan Legislature enacted three separate statutory provisions addressing the failure of a motor vehicle driver to stop at the scene of different motor vehicle accidents. The statute applicable to accidents involving serious injury or death provides, in relevant part, as follows:
 

 (1) The driver of a vehicle
 
 who knows or who has reason to believe that he or she has been involved in an accident upon either public or private property,
 
 when the property is open to travel by the public,
 
 resulting in serious or aggravated injury to or death of a person
 
 shall immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of section 619 are fulfilled. The stop shall be made without obstructing traffic more than is necessary.
 

 (2) A person who violates subsection (1) is guilty of a felony punishable by imprisonment for not more than 5 years or by a fine of not more than $5,000.00, or both. [MCL 257.617 (emphasis added).]
 

 The Legislature also provided that a driver’s failure to stop at the scene of an accident “resulting in injury to a person,” MCL 257.617a, or failure to stop at the scene of an “accident resulting only in damage to a vehicle which is driven or attended by any person,” MCL 257.618, constitutes a misdemeanor.
 

 The current statutory scheme originated in 1949, subsequently evolving through various amendments into the present provisions. In its initial version, sub
 
 *570
 
 section 617(a) stated, in pertinent part, as follows: “The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident and shall remain thereat until he has fulfilled the requirements of section 619.” 1949 PA 300, § 617. Section 618 of 1949 PA 300 addressed a driver’s failure to stop after being “in an accident resulting only in damage to a vehicle which is driven or attended by any person . ...” In 1951, the Legislature modified subsection 617(c) to authorize the Secretary of State to suspend, rather than revoke, the license of an individual found guilty of violating § 617. 1951 PA 270. Five years later, the Legislature altered subsection 617(a) to specify where an accident subject to the section must have occurred:
 

 The driver of any vehicle involved in an accident
 
 upon either public or private property, when such property is open to travel by the public,
 
 resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident and shall remain thereat until he has fulfilled the requirements of section 619. [1956 PA 22 (emphasis added).]
 

 In 1958, the Legislature modified subsection 617(a) by adding the language central to the parties’ arguments in this case.
 

 The driver of any vehicle
 
 who knows or who has reason to believe that he has been
 
 involved in an accident upon either public or private property, when such property is open to travel by the public, resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident and shall remain thereat until he has
 
 *571
 
 fulfilled the requirements of section 619. [1958 PA 35 (emphasis added).]*
 
 [1]
 

 The Legislature revisited § 617 in 1975, making several minor grammatical changes, including designating the subsections as 1, 2, and 3 instead of a, b, and c, and modifying subsection 617(1) to make clear its application to accidents involving only serious injury or death.
 

 The driver of a vehicle who knows or who has reason to believe that he has been involved in an accident upon either public or private property, when the property is open to travel by the public, resulting in
 
 serious or aggravated
 
 injury to or death of a person shall immediately stop his vehicle at the scene of the accident and shall remain there until the requirements of section 619 are fulfilled. [1975 PA 170 (emphasis added).]
 

 Also in 1975, the Legislature created § 617a to address less serious accidents “resulting in injury to a person . . . .”
 
 [2]
 
 The 1989 legislative modifications of § 617 included the addition of gender-neutral lan
 
 *572
 
 guage in subsection 617(1) and, within subsection 617(2), an increase of the permissible penalties for the violation of the statute.* *
 
 [3]
 
 1989 PA 267.
 

 Our review of the rather lengthy first sentence comprising subsection 617(1) leads us to conclude that the Legislature plainly and unambiguously intended that to convict an individual of violating § 617 requires a showing that the individual knew or had reason to believe that the accident in which he was involved resulted in serious injury to or the death of another person.
 

 The driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident upon either public or private property, when the property is open to travel by the public, resulting in serious or aggravated ir\jury to or death of a person shall immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of section 619 are fulfilled. [MCL 257.617(1).]
 

 This language, although perhaps somewhat difficult to follow at first glance from beginning to end, simply demands that certain drivers shall immediately stop at an accident scene and remain “until the requirements of section 619 are fulfilled.” All the statutory
 
 *573
 
 language beginning with “who knows or who has reason to believe” and continuing through “injury to or death of a person” describes exactly which driver shall immediately stop at the accident scene. Before the driver must stop, he must know or have reason to believe he was involved in an accident (a) on property open to travel by the public and (b) resulting in serious or aggravated injury to or the death of a person. The phrase “resulting in serious or aggravated injury to or death of a person” clearly explains exactly what sort of accident the driver must know or have reason to believe occurred. The Legislature plainly included the language “accident . . . resulting in serious or aggravated injury to or death of a person” as a subordinate clause to restrict the application of the statute to drivers who have knowledge of or reason to believe in the serious nature of their accidents.
 
 [4]
 

 With respect to the prosecutor’s different arguments regarding why our adoption of defendant’s proposed interpretation of § 617 would defeat the legislative purpose behind the hit-and-run statutes, we observe that we need not consider these assertions of the prosecutor in light of our finding that the plain
 
 *574
 
 and unambiguous statutory language contains a knowledge element.
 
 Morey, supra.
 
 However, we nonetheless briefly respond to the prosecutor’s claims.
 

 We are wholly unpersuaded by the prosecutor’s suggestion that the commas within the first sentence of subsection 617(1) “clearly demonstrate[] the legislative intent not to require the additional burden on the people to prove the defendant’s knowledge of the extent of the injuries to a person.” The Legislature’s insertion of commas does not reflect its intent to set apart the serious injury or death requirement from the statutory knowledge requirement. We note first that, as reflected within our review of the history of § 617, the existence of the commas around the phrase (“when the property is open to travel by the public”) that specifies where an applicable accident must have occurred
 
 predated
 
 the Legislature’s addition of the knowledge requirement. See 1956 PA 22 and 1958 PA 35. The language between the commas simply modifies on what public or private property an applicable accident shall have occurred. We further observe that when the Legislature in 1956 added the property language and the commas to subsection 617(1), then subsection 617(a), it did not then or thereafter likewise incorporate the commas into similarly constructed § 618, which has read as follows since 1958: “The driver of any vehicle who knows or who has reason to believe that he has been involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop ... at the scene of such accident. . . .” Had the Legislature intended, by introducing the commas within subsection 617(1), to separate the required knowledge element from the resultant injury element
 
 *575
 
 of the statute and thereby indicate that the prosecutor need only show knowledge of an accident alone, the Legislature likely would have demonstrated some effort to do so within § 618.
 

 We also reject the prosecutor’s assertion that “[o]bviously, the Michigan Legislature did not intend for persons involved in automobile accidents to be aware of the extent of the injury, or that the injury occurred to a person” because §§ 617, 617a, and 618 impose identical burdens “on persons involved in personal injury accidents (no matter what level of injury) and persons involved in accidents only to vehicles . . .—to stop.” The prosecutor correctly observes that each individual to whom §§ 617, 617a, or 618 applies must stop his vehicle. The prosecutor ignores, however, the evident purpose behind the Legislature’s enactment of separate statutes containing varying degrees of punishments. The statutes clearly do not intend to punish drivers for their conduct in causing an accident because the statutory language requires all drivers who know or who have reason to believe that they have been involved in an accident, including those not at fault for causing an accident, to stop at the accident scene. The Legislature plainly premised a driver’s culpability on his actions
 
 after
 
 the occurrence of an accident. Consequently, the severity of the accident becomes relevant to the extent that the driver knew of or had reason to believe in the nature of the injury occasioned by the accident. The Legislature’s plain inclusion of a required knowledge element results in an appropriate correlation between a driver’s actual or constructive knowledge of the severity of an accident and the level of punishment imposed.
 

 
 *576
 
 The prosecutor additionally argues that defendant’s proposed interpretation of the statute requiring an element of knowledge “would encourage drivers in accidents to continue on the roadway without stopping,” thereby defeating the legislative purpose. In a related contention, the prosecutor suggests that our finding of a required knowledge element within § 617 would impose on the state an insurmountable burden of proving beyond a reasonable doubt that a driver had knowledge “of the exact nature of the injury or damage” that occurred. We disagree that our opinion enforcing the plain language of § 617 will encourage drivers to attempt to remain ignorant of the consequences of their collisions. Section 617 plainly contemplates finding a driver liable not only on the basis of his actual knowledge of the nature of an accident, but also on the basis of the driver’s constructive knowledge—what the driver reasonably should have known given the circumstances surrounding the accident. Accordingly, no driver could escape liability merely by attempting to remain wilfully ignorant of the nature of the consequences of an accident.
 

 Furthermore, the fact that the statutes envision finding a driver liable on the basis of his constructive knowledge renders unpersuasive the prosecutor’s suggestion regarding an insurmountable burden of proof. The prosecutor need not necessarily demonstrate a driver’s actual knowledge of the exact nature of an injury occasioned by an accident. As with other criminal intent or knowledge requirements, the prosecutor may sustain the state’s burden of proof by introducing evidence of the circumstances surrounding a particular accident to demonstrate that a driver had reason to believe that the accident in which he was involved resulted in a specific injury. See
 
 People v McRunels,
 
 
 *577
 
 237 Mich App 168, 181; 603 NW2d 95 (1999) (observing that the intent to kill may be proved by inference from any facts in evidence and that, because of the difficulty of proving an actor’s state of mind, minimal circumstantial evidence is sufficient);
 
 People v Fetterley,
 
 229 Mich App 511, 517-518; 583 NW2d 199 (1998) (noting that an actor’s intent to deliver a controlled substance may be inferred from all the facts and circumstances and that minimal circumstantial evidence is sufficient);
 
 People v Reigle,
 
 223 Mich App 34, 39; 566 NW2d 21 (1997) (explaining that a defendant’s knowledge of the falsity of a representation and the defendant’s use of a misrepresentation with the intent to defraud can be inferred from the entire evidence).
 
 [5]
 

 We reverse the trial court’s order denying defendant’s request for a jury instruction clarifying that the prosecutor must prove that defendant knew or had reason to believe he was involved in an accident that resulted in serious or aggravated injury to or death of a person. We remand this case for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 Reversed and remanded.
 

 [1]
 

 The Legislature added similar language concerning knowledge to § 618, which thereafter stated, in relevant part, as follows: “The driver of any vehicle who knows or who has reason to believe that he has been involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident. . . .” 1958 PA 35.
 

 [2]
 

 From the time of its enactment to the present, § 617a has read as follows:
 

 (1) The driver of a vehicle who knows or who has reason to believe that he has been involved in an accident upon either public or private property, when the property is open to travel by the public, resulting in injury to a person shall immediately stop his vehicle at the scene of the accident and shall remain there until the requirements of section 619 are fulfilled. Every stop shall be made without obstructing traffic more than is necessary.
 

 (2) A person failing to stop or to comply with those requirements shall be guilty of a misdemeanor, punishable by imprisonment for
 
 *572
 
 not more than 1 year, or by fine of not more than $1,000.00, or both.
 

 (3) The secretary of state shall suspend the operator’s or chauffeur’s license of the person convicted as provided in section 319.
 

 We note that the trial court mischaracterized the changes made by the 1975 amendments when the court stated that “[b]efore 1975, these statutes [§§ 617, 617a, and 618] were combined in one statute which provided for both misdemeanor and felony penalties.”
 

 [3]
 

 The amendments increased the authorized term of imprisonment from two years to five years and increased the amount of permissible fine from $2,000 to $5,000.
 

 [4]
 

 Had the Legislature intended the phrase “accident... resulting in serious or aggravated ii\jury to or death of a person” to describe merely the occasions to which § 617 applied, and not the extent of knowledge that the driver of a vehicle involved in an accident must possess, we suspect that the Legislature would have distinctly removed the clause as follows from its current position following and modifying the driver:
 

 On the occurrence of a motor vehicle accident resulting in serious or aggravated injury to or death of a
 
 person, the driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident upon either public or private property, when the property is open to travel by the public, shall immediately stop his or her vehicle at the scene of the accident....
 

 [5]
 

 With respect to the parties’ citation of Michigan cases that discussed a predecessor statute, specifically
 
 People v MacPherson,
 
 323 Mich 438; 35 NW2d 376 (1949),
 
 People v Putnam,
 
 323 Mich 374; 35 NW2d 279 (1948), and
 
 People v Lepler,
 
 315 Mich 490; 24 NW2d 190 (1946), we note that we do not rely on these cases because the predecessor statute and MCL 257.617 were constructed differently. We further note that we need not address CJI2d 15.14 because the statutory language is clear and because the standard instructions do not represent binding authority
 
 People v Petrella,
 
 424 Mich 221, 277; 380 NW2d 11 (1985).